**Anthony SWAMY, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71390.

INS No. A70–644–531.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 16, 2003.*

Decided Feb. 14, 2003.

Before HALL, KOZINSKI, and RAWLINSON, Circuit Judges.

MEMORANDUM**

In order to prevail, Swamy must show that the evidence compels the conclusion that the Board's denial of asylum was erroneous. *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000). We find that Swamy has not met this heavy burden.

Persecution is "an extreme concept" that requires more than a showing of discrimination. *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). Arrest alone, if unaccompanied by physical injury, generally is insufficient to constitute persecution. *Al–Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir.2001). Similarly, threatening phone calls, without more, do not constitute persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) ("Threats standing alone … constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (citing *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997)) (internal quotation marks omitted). The Board's finding that Swamy did not experience past persecution was in accordance with precedent, and was supported by substantial evidence.

The Board's finding that Swamy failed to establish a well-founded fear of future persecution was also supported by the evidence.[1] "An alien's well-founded fear must be both subjectively genuine and objectively reasonable." *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998). Although Swamy testified that he fears returning to India, Swamy's fear is objectively unreasonable. Neither Swamy nor his Christian family has suffered physical harm. Swamy's parents and brother, along with the founders of the local Christian organization to which Swamy belongs, continue to live in India without incident. These considerations are substantial evidence in support of the Board's conclusion that Swamy does not have a reasonable fear of future persecution.

Because we find that the Board's decision with respect to asylum was supported by substantial evidence, Swamy also necessarily fails to meet the more stringent requirements for withholding of deportation. *E.g., Ghaly*, 58 F.3d at 1429. We DENY the petition for review.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Swamy failed to establish past persecution, he does not benefit from 8 C.F.R. § 208.13(b)(1)'s rebuttable presumption that a well-founded fear of future persecution exists. *See Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir.1999).